# IN THE COURT OF APPEALS OF IOWA

No. 18-1241
Filed May 15, 2019

**JENNIFER LIGHTFOOT,**
    Plaintiff-Appellant,

**vs.**

**JENNIFER GEHRUM n/k/a JENNIFER BAUMLER,**
    Defendant-Appellee.

_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Wittig, Judge.

A plaintiff in a personal-injury action appeals the dismissal of her action for failure to comply with initial disclosure requirements. **AFFIRMED.**

Cory R. Thein of Pioneer Law Office, Dubuque, for appellant.

Douglas M. Henry and Jenny L. Weiss of Fuerste, Carew, Juergens & Sudmeier, P.C., Dubuque, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A plaintiff in a personal-injury action appeals the dismissal of her action for failure to comply with initial disclosure requirements.

## I.     Background Facts and Proceedings

Jennifer Lightfoot filed a negligence action against Jennifer Baumler. Baumler sought initial disclosures pursuant to Iowa Rule of Civil Procedure 1.500(1). Lightfoot partially complied. Baumler notified Lightfoot of deficiencies in the response and requested supplemental disclosures within two weeks. Baumler did not receive supplementation within that time frame.

Nearly one month later, the district court filed a trial scheduling and discovery plan requiring exchange of initial disclosures within eight days. Again, Baumler did not receive supplementation within that time frame.

Baumler filed a motion to compel, and Lightfoot failed to file a resistance. The district court granted the motion, later clarifying precisely what information needed to be disclosed and affording Lightfoot fourteen days within which to provide the information.

The fourteen days came and went without supplementation. Baumler moved to dismiss the action. Three-and-a-half weeks later, Lightfoot notified the court of supplemental disclosures provided that day. The district court scheduled the dismissal motion for a hearing.

Prior to the hearing, Baumler informed the court of deficiencies in the supplemental disclosures. Following the hearing, the district court filed an order affording Lightfoot two weeks to cure the defects. The order ended with the following ultimatum: "If the initial disclosure and outstanding discovery are not

complied with as ordered herein, the Defendant shall notify the Court. There shall be no further hearing in this matter as the Court will simply, based on the affidavit of Defendant's counsel, dismiss the action with prejudice." The two-week deadline passed with no word from Lightfoot. Baumler informed the court of Lightfoot's continued noncompliance. The court dismissed the petition with prejudice. Lightfoot appeals.

## II.    Analysis

Iowa Rule of Civil Procedure 1.500(1)(a) requires parties to provide other parties with specified initial disclosures "without awaiting a discovery request." The rule excepts certain types of actions from the requirement. Iowa R. Civ. P. 1.500(1)(e). Petitions alleging negligence are not exempted.

A party may enforce the disclosure requirement by moving for an order compelling disclosure "and for appropriate sanctions." Iowa R. Civ. P. 1.517(1)(b)(1). The sanctions may include "dismiss[al] [of] the action or proceeding." Iowa Rs. Civ. P. 1.517(2)(b)(3), 1.517(3)(a)(3) (authorizing any of the enumerated sanctions in rule 1.517(2)(b) for failure to disclose or supplement under rule 1.500).

Lightfoot argues the district court abused its discretion in dismissing the petition without "a finding of willfulness, fault or bad faith." She also asserts the dismissal order was "overly harsh and unnecessary." We are not persuaded by these arguments.

The district court held a hearing on the dismissal motion and followed up with an order summarizing the several instances of noncompliance leading up to the motion. The court found "Plaintiff's counsel admitted that some of the fault lay

with him as he had most of the information but had neglected to obtain the Plaintiff's signature." The court's finding is supported by the transcript of the hearing on the motion to dismiss; Lightfoot's attorney conceded he "was slow, quite slow, in getting . . . this information to the Defendant."

Notwithstanding this concession, the court acknowledged dismissal of the petition was "a harsh sanction" and gave Lightfoot "one final opportunity to be fully compliant with providing the information necessary to complete the initial disclosures." The court forewarned Lightfoot that failure to comply with the order would result in dismissal. The petition was dismissed only after Lightfoot declined to heed the warning.

We conclude the district court did not abuse its discretion in dismissing the petition as a sanction for Lightfoot's repeated failure to comply with the disclosure requirements of rule 1.500(1).

**AFFIRMED.**